IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|||
|---|---|
| HAROLD GREENE | * |
| Plaintiff | * |
| v. | *    CIVIL NO. JKB-17-1854 |
| USAA CASUALTY INS. CO., et al. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Harold Greene filed suit *pro se* on May 19, 2017, in the District Court of Maryland against USAA Casualty Insurance Company ("USAA"), Thomas E. Price, M.D., Secretary of the United States Department of Health and Human Services, and the Centers for Medicare and Medicaid Services (the latter two Defendants referred to collectively as "the Government"). (Compl., ECF No. 2.) The stated causes of action were contract, replevin, and bad faith insurance claim. (*Id.*) Greene alluded to "extortionate government subrogation" and wanted "pain and suffering settlement . . . funds" from USAA to be paid into the court's registry "to protect MEDICARE." (*Id.*)

The Government removed the case to this Court because of its jurisdiction over cases against federal agencies. (Notice of Removal 2, ECF No. 1.) Subsequently, USAA moved to dismiss the complaint for failure to state a claim (ECF No. 10), to which Greene filed his response in which he complained that USAA had "low balled" his car damage claim (ECF No. 13).

The Court granted the motion to dismiss and concurrently dismissed *sua sponte* the complaint against the Government; the Court concluded that, even after liberally interpreting Greene's complaint, it was unable to discern a viable cause of action in the case. (Aug. 24, 2017, Mem. 1-2, ECF No. 14.) Consequently, the case was dismissed for failure to state a claim. (Aug. 24, 2017, Order, ECF No. 15.)

Now pending before the Court is Greene's motion for reconsideration, which complains the "court's ruling was improvidently based upon its construing an interpleader petition as a 'complaint' asserting 'claims.'" (Mot. 1, ECF No. 16.) What Greene filed is, in fact, appropriately construed as a complaint since it is so labeled, since it purports to assert causes of action of contract, replevin, and bad faith insurance claim, and since it asks the court to award damages. However, it fails to include sufficient factual content to permit an inference of wrongdoing by either USAA or the Government.

Accordingly, IT IS HEREBY ORDERED that Greene's motion for reconsideration is GRANTED, that the Court has reconsidered its ruling, and that the Court AFFIRMS its dismissal of this case for failure to state a claim for relief. The Clerk SHALL SEND a copy of this memorandum and order to Plaintiff.

DATED this 25th day of September, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge